24-1208-cv
*Cho v. Trump*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

MINGGUO CHO,

> *Plaintiff-Appellant*,

> v.                                                            24-1208-cv

DONALD J. TRUMP, UNITED STATES OF AMERICA, UNITED STATES FOOD AND DRUG ADMINISTRATION,

> *Defendants-Appellees*.[*]

_____

FOR PLAINTIFF-APPELLANT:          Mingguo Cho, *pro se*, Astoria, New York.

FOR DEFENDANTS-APPELLEES:          No appearance.

---

[*] The Clerk of Court is respectfully directed to amend the caption as reflected above. Donald J. Trump is substituted for Joseph R. Biden, Jr., pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Appeal from a judgment and orders of the United States District Court for the Eastern District of New York (Rachel P. Kovner, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and orders are **AFFIRMED**.

Appellant Mingguo Cho appeals from the district court's *sua sponte* dismissal of his complaint as frivolous and the denial of his motions for reconsideration and for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Cho filed a complaint against then-President Joseph R. Biden, Jr.; the United States; and the United States Food and Drug Administration ("FDA"), invoking 42 U.S.C. § 1983, and claiming that a vast conspiracy to discredit traditional Chinese medicine practitioners and the "life energy system" violated his First Amendment rights. Dist. Ct. Dkt. No. 1 at 9. The district court *sua sponte* dismissed the complaint as frivolous because "[the] claim of a massive government conspiracy to suppress miraculous medical discoveries is appropriately labeled fanciful, fantastic, and delusional." App'x at 5. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

District courts have the inherent authority to dismiss a complaint *sua sponte* as frivolous even where, as here, the plaintiff has paid the required filing fee, if the claim "lacks an arguable basis either in law or in fact." *Pillay v. INS*, 45 F.3d 14, 16 (2d Cir. 1995) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *accord Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam). A claim is "factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, if they are fanciful, fantastic[,] or delusional." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (internal quotation marks

omitted) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). Although we have not yet decided whether we review a district court's exercise of this inherent authority *de novo* or for abuse of discretion, we need not do so here because the district court's decision "easily passes muster under the more rigorous *de novo* review." *Fitzgerald*, 221 F.3d at 364 n.2.

We have carefully reviewed Cho's complaint and agree with the district court that it is frivolous. The complaint outlined Cho's theory that the entire United States medical system was conspiring with the President and the FDA to suppress access to traditional Chinese medicine because the effective treatment that would result from the use of that traditional medicine, for COVID-19 and other illnesses, would destroy the medical system's profits and control. *See* Dist. Ct. Dkt. No. 1 at 9–11; *see also id.* at 10–11 ("Joseph R. Biden . . . conspired with all of the aforementioned governmental agencies, health providers, drug companies, etc. in an effort to deprive plaintiff of his rights . . . ."); *id.* at 11 ("The solution to the pandemic—which complainant is offering to the world without seeking patent protection—is garlic. . . . But the [FDA] is suppressing this wonder drug for COVID-19 by falsely cautioning the public not to look for miracles to cure COVID-19 in the short run and, instead, encouraging people to be vaccinated when the drugs used for vaccinations have not been tested and are now causing untold medical problems for those who were vaccinated."); *id.* at 12 ("[P]harmaceutical companies reap billions of dollars in profits as they dupe the public with their useless vaccines."); *id.* at 13 ("[P]laintiff can also provide specific cures for all diseases mentioned herein including . . . Lupus."). In short, Cho's complaint offered only baseless and fanciful allegations to support his claim, and thus the

district court properly dismissed the complaint as frivolous.[1]  *See Cheney*, 642 F.3d at 368; *Fitzgerald*, 221 F.3d at 363–64.

We also conclude that there is no basis to disturb the district court's denial of Cho's Rule 60(b) and reconsideration motions.  A district court's denial of a motion for relief from "judgment under Rule 60(b) is reviewed for abuse of discretion," *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023), as is the denial of a motion for reconsideration, *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 376 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 279 (2024).  Nothing in the Rule 60(b) motion or the reconsideration motion provided any grounds to support Cho's argument that the district court erred in dismissing his complaint as frivolous.  Instead, Cho simply reiterated the same frivolous assertions in his complaint.  Therefore, the district court did not abuse its discretion in denying those motions.

*          *          *

We have considered Cho's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment and orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1]  The district court also correctly denied Cho leave to amend the complaint.  Although a court should generally "not dismiss without granting leave to amend at least once," leave to amend need not be granted where, as here, "[r]epleading would . . . be futile."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

4